<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HASSAN CHILDS | No. 22cr30 (EP)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

Defendant Hassan Childs seeks to be released pending trial. The Court held a hearing on this application on November 6, 2024. ("Hearing" or "Hr'g"). After carefully considering Childs's arguments and the Government's objections, this Court will **DENY** Childs's request.

Assuming the parties are familiar with the case, the Court briefly summarizes the facts. On January 18, 2022, a Grand Jury returned a one count Indictment charging Childs with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). D.E. 1 ("Indictment"). Childs's previous convictions include sexual assault, resisting arrest, and aggravated assault where Childs pointed a handgun in a victim's face and shot at another victim.[1] Childs also previously pled guilty to conspiring to commit bank fraud. At Childs's initial appearance before the Honorable Jessica S. Allen, U.S.M.J., Childs consented to pre-trial detention while reserving the right to make a bail application at a later time pursuant to 18 U.S.C. § 3142. *See* D.E. 5.

Childs now makes that application under 18 U.S.C § 3142(f) and requests that he be released into home incarceration with electronic monitoring under the third-party custody of his

---

[1] Childs's criminal history is taken from Pretrial Services' Report. The Court does not refer to any facts that were objected to by the parties.

cousin Terrell Hendricks Harris.  Hr'g.  Mr. Hendricks Harris was approved as a third-party custodian.  *Id.*  Mr. Hendricks Harris lives with his pregnant girlfriend.  *Id.*

The release or detention of a defendant pending trial is governed by the Bail Reform Act, 18 U.S.C. § 3142.  This carefully structured system "seeks to ensure that the interests of the defendant and the public are carefully considered and contemplated before release or detention is ordered."  *United States v. Livingston*, No. 15-627, 2016 WL 1261464, at *2 (D.N.J. Mar. 31, 2016) (cleaned up).  Under the Act, a court must order the detention of a defendant pending trial if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e).  In the context of bail determinations, the Act "effectively limit[s] judicial consideration . . . to two relevant criteria:  the risk that the defendant will flee and the risk that he will pose a danger if admitted to bail."  *United States v. Provenzano*, 605 F.2d 85, 93 (3d Cir. 1979).  The burden is on the Government to demonstrate by a preponderance of the evidence that the defendant is a flight risk, *United States v. Himler*, 797 F.2d 156, 161 (3d Cir. 1986), or by clear and convincing evidence that the defendant is a danger to the community, 18 U.S.C. § 3142(e).

In assessing whether the Government has met its burden, the Court weighs the evidence presented in light of the four factors of section 3142(g): (1) the nature and circumstances of the offense charged, including whether the offense is a "crime of violence" or involves a firearm; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including his character, physical and mental condition, family, ties to community, criminal history, record of appearance at court proceedings, and whether he was on bond, probation, or parole at the time of the charged offense; and (4) the nature and seriousness of the danger to any person or the

2

community that would be posed by the person's release.  18 U.S.C. § 3142(g); *United States v. Wimbush*, No. 19-134, 2021 WL 1811668, at *4 (D.N.J. May 6, 2021).

The Court first considers whether Childs presents a danger to the community.  Regarding the first two § 3142(g) factors—(1) nature and circumstances of the offense charged and (2) the weight of evidence against the person—Childs was charged with knowingly possessing a firearm as a previously convicted felon after being arrested in possession of a .22 caliber firearm loaded with six rounds of ammunition.  Indictment at 1; Hr'g.  Undoubtedly, Childs is "entitled to the presumption of innocence and he has not yet had an opportunity to rebut the government's charges. Furthermore, this Court is, of course, not judging defendant's guilt or innocence."  *United States v. Abdullahu*, 488 F. Supp. 2d 433, 441 (D.N.J. 2007).  Nevertheless, both factors weigh in favor of detention.

Childs's history and characteristics also weigh in favor of detention.  Childs has a criminal history that involves sexual assault and multiple violent offenses.  In addition to the offenses Childs has pled guilty to, he has also been arrested for other violent crimes including aggravated assault with a firearm involving his-then girlfriend, a separate domestic violence incident, and simple assault.[2]  *See United States v. Vaughn*, No. 14-23, 2014 WL 457631, at *3 (D.N.J. Feb. 4, 2014) (considering dismissed charges in the pretrial detention context); *United States v. Baca,* No. 16-1613, 2017 WL 2297038, at *3 (D.N.M. Apr. 13, 2017) (same); *United States v. Hollingsworth*, No. 22-12, 2022 WL 706915, at *3 (E.D. Ky. Mar. 9, 2022) (same).  While Childs's convictions alone suffice to show he poses a danger to the community, the additional charges—particularly in the domestic violence context—give the Court additional concern.

---

[2] The Court is not considering the aggravated assault from July 22, 2022 at the Essex County Correctional Facility in its analysis per Defense counsel's representation that individuals involved in this incident have stated that Childs was not involved.  Hr'g.

3

Finally, the Court must determine the nature and seriousness of the potential danger associated with Childs's release. Here, courts consider factors indicative of the defendant's propensity to commit crime generally or otherwise to endanger the community. *Abdullahu*, 488 F. Supp. 2d at 439 (citing *Provenzano*, 605 F.2d at 96). As detailed during the Hearing, Childs has an extensive criminal record that includes several crimes involving violence and firearms. The Court views Childs's criminal record as a sufficient basis to conclude he poses a threat to others if released, even if limited to home confinement in the third-party custody of Mr. Hendricks Harris and his girlfriend.

Childs argues the community is unlikely to be endangered if he is released because he will be subject to home confinement and electronic monitoring. Hr'g. However, "electronic monitoring and home confinement do not guarantee that [a] defendant will not flee or endanger the community. Electronic monitoring impedes but does not prevent a defendant from fleeing." *Abdullahu*, 488 F. Supp. 2d 433, 444 (D.N.J. 2007) (citing *United States v. Orena*, 986 F.2d 628, 632-33 (2d Cir.1993)); *see also United States v. Benevolence Int'l Found.*, 222 F. Supp. 2d 1005, 1007 (N.D. Ill. 2002) (noting that electronic surveillance systems can be circumvented and the monitoring equipment can be rendered inoperative).

The Government has met is burden to demonstrate that no condition or combination of conditions exist that will reasonably assure the safety of the community. Childs's alleged conduct, prior criminal record, and potential threat to the community require pretrial detention.[3] Therefore, the Court will **DENY** Defendant's motion.

---

[3] The Court does not address the brief arguments made at the Hearing as to whether Childs poses a flight risk because the Court finds that no condition or combination of conditions exist that could reasonably assure the safety of the community were Childs to be released.

Accordingly,   **IT IS**, on this _____ day of_____, 2024,

       **ORDERED** that Childs's motion to be released pending trial is **DENIED**; and it is finally

       **ORDERED** that the Clerk of the Court shall send a copy of this Memorandum Order to

Defendant by regular U.S. mail.


 11/15/2024 
Date                                                   Evelyn Padin, U.S.D.J.