<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| |
|---|
| UNITED STATES OF AMERICA |
| v. |
| HASSAN CHILDS |

No. 22cr30 (EP)

**MEMORANDUM ORDER**

**PADIN, District Judge.**

Before the Court are letters from the Government and Defendant Hassan Childs disputing what materials in a confidential informant's file the Government is required to produce, as first ordered by the Court in an email sent to the parties. The Court now writes to explain the scope of its prior email and address the arguments raised in the parties' subsequent briefing. For the reasons explained below, the Court will not require the Government to produce any additional documents in the informant's file.

**I.   BACKGROUND**

On the eve of the evidentiary hearing scheduled for April 24, 2025, the parties, for the first time, raised a potential Jencks Act[1] violation with respect to one of the Government's two witnesses at the hearing. The crux of the issue concerned the production of a "reliability sheet" completed by Detective Nicholas Rodriguez after interviewing a confidential informant in connection with this matter. D.E. 106 (the "Government's April 23, 2025 Letter") at 1-2. The Government noted that this reliability sheet would likely constitute Jencks material should Detective Rodriguez testify at the evidentiary hearing. *Id.* at 2.

---

[1] The Jencks Act requires the prosecution to produce any statement made by a Government witness that pertains to their testimony upon the defendant's request. 18 U.S.C. § 3500(b).

The Government explained that the reliability sheet was kept in a file in the custody of the Essex County Sheriff's Office ("ESCO"), and that it would be unable to timely produce it because the ECSO staff member responsible for maintaining these files was out of the office. *Id.* at 2. In its letter, the Government provided no additional information about the contents of the informant's file, and its letter focused on the timeliness of the production and the potential Jencks violation with respect to *this* reliability sheet. *See generally id.* The Government proposed eliminating Detective Rodriguez's testimony from the hearing to avoid this Jencks issue given their inability to timely produce the reliability sheet. *Id.* at 2-3.

In a letter also filed on April 23, 2025, Defendant asked the Court to decline the Government's proposal to "get around" this Jencks violation and requested that the Court convert the hearing the next morning into a status conference. D.E. 107 ("Defendant's April 23, 2025 Letter") at 3. Like the Government's letter, Defendant's letter focused on the potential Jencks issue. *See id.*

After reviewing the letters and given the time-sensitive nature of the dispute, the Court emailed the parties that it would postpone the evidentiary hearing "until after the Government provides Defense Counsel with the informant's file." D.E. 120 ("Defendant's May 23, 2025 Letter"), Ex. A.

On May 1, 2025, Defendant filed a letter summarizing the outstanding matters before the Court. D.E. 108 ("Defendant's May 1, 2025 Letter"). One of those matters was the "partial production" of the informant file. *Id.* ¶ 1. Defendant stated that "[o]n April 30, 2025, the [G]overnment provided a one-page document from the informant file, advised that more

documents exist in the informant file,[2] and informed the defense that it believes it does not need to provide the entire informant file." *Id.* Defendant requested a briefing schedule, *id.*, and the Court held a status conference on May 19, 2025, at which the parties addressed this issue in more depth. *See* D.E. 116.

At the status conference, Defense Counsel averred that "because that informant was used subsequently[,] [they] should be able to receive those reports for the purpose of cross-examination. If that informant proved to be unreliable later, that goes to the defense's argument with regard to the stop in this case as well as the *Franks* issue that is currently pending before this Court." Transcript of May 19, 2025 Status Conference at 2:15-20. The Government asserted that it had complied with its discovery requirements and was not required to produce anything else within the informant's file. *Id.* at 5:12-6:2. After the hearing, the Court ordered the parties to both "provide the Court with letters, no longer than three pages single spaced, with their respective positions on whether the Government must turn over the other reliability sheets concerning the confidential informant in this matter." D.E. 116.

## II.    ANALYSIS

Defendant argues that the Government must turn over the other reliability sheets concerning the informant in this matter for two main reasons: (1) "the Court *already ordered* that the Government produce the entire file;" and (2) information about the informant is essential to prepare for trial. Defendant's May 23, 2025 Letter at 1. The Court will address these arguments in turn.

---

[2] As detailed in subsequent briefing, the informant's file contained additional materials including a form with biographical information on the informant as well as three other reliability sheets completed by Detective Rodriguez after interviewing the informant in connection with other, unrelated matters. D.E. 121 (the "Government's May 23, 2025 Letter") at 2. The Government noted that all the reliability sheets were completed after the arrest of Defendant in this matter. *Id.*

3

As to the first reason, Defendant hangs his hat on the language in the Court's email that ordered the Government to produce the "informant's file." Defendant reasons that this language entitles them to everything in the informant's file, even items the Court (or Defendant) did not know existed at the time it wrote that email and items the Government represents are not connected to the present matter. Not true. As shown above, the Court first learned that there were other reliability sheets in the informant's file from Defendant on May 1, 2025. *See* Defendant's May 1, 2025 Letter. It appears Defendant only learned the day before the Court did that other reliability sheets existed. *See id.* At the time the Court wrote the April 24, 2025 email, the Court's order pertained only to what it knew and what the parties sought to address: that the informant's file contained a reliability sheet completed by Detective Rodriguez concerning the informant's tip in *this* matter, which raised a potential Jencks issue for the imminent evidentiary hearing.[3] Defendant's overly broad reading of the Court's email cannot provide a basis to turn over everything else in the informant's file. For a similar reason, the Court will not read Defendant's April 23, 2025 Letter to be a request for information Defendant also did not know existed at the time it made his request.

Next, Defendant contends that information in the other reliability sheets is essential to prepare his defense in this matter, including at an evidentiary hearing, a potential *Franks* hearing, and at trial. The Court denied Defendant's request for a *Franks* hearing, and therefore, will not

---

[3] Defendant claims it is "not permissible" for the Government to "ignore" this Court's email directive by failing to move for reconsideration or seek clarification of the directive. Defendant's May 23, 2025 Letter at 1. While the Court disagrees that it was *necessary* for the Government to seek clarification or move for reconsideration, the Court notes that, as the party with the most information concerning the scope of the informant's file and the contents of the reliability sheets within the file, this potential issue was, at a minimum, most foreseeable by the Government, and that a request for clarification and additional information concerning the scope of the file would have assisted the Court.

4

consider that as a basis to turn over the other reliability sheets. Similarly, the Court issued a memorandum order in which the Court determined that after law enforcement corroborated nearly every possible piece of information provided by the informant, there existed reasonable suspicion to conduct a *Terry* stop of Defendant. *See* D.E. 122 at 5-9. Therefore, the constitutionality of the stop cannot serve as a basis to turn over the reliability sheets either. *Id.*

Defendant also argues that the reliability of the informant "is a key issue . . . as to the veracity of the officers that will be witnesses at trial." Defendant's May 23, 2025 Letter at 2. Defendant's argument falls short because beyond this statement, Defendant provides the Court with little basis to conclude that the reliability sheets concerning other matters,[4] and which were completed after Defendant's arrest, have any bearing whatsoever on the veracity of the officers that will testify at trial. While the Court recognizes that Defense Counsel do not wish to show their hand with respect to their trial strategy, they nevertheless ask the Court to order production of certain information without adequately explaining why the Court should do so. The Court cannot, and will not, order production of those reliability sheets under these circumstances.

Finally, Defendant asks the Court to order the Government to produce the contents in the informant's file because, "while the [G]overnment may believe that the materials are not relevant or do not constitute *Giglio*, *Brady* or Jen[c]ks material, the Court is very aware that parties often disagree regarding the import of certain evidence." Defendant's May 23, 2025 Letter at 2. Or, Defendant continues, "at a minimum, the Court should order an *in camera* review of the balance of the informant file or produce the balance of the file under a protective order for the limited purpose of providing the defense with an opportunity to review the file." *Id.*

---

[4] At the May 19, 2025, status conference, the Government represented that these sheets are unrelated to this case except by identity of the informant. Transcript of May 19, 2025 Status Conference at 5:24-6:1.

It is true that the Government must disclose evidence that is favorable to the accused and "material either to guilt or punishment." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). When the disclosure of an informant's identity, or of the contents of his communication are "relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Roviaro v. United States*, 353 U.S. 53, 77 (1957); *United States v. Gatlin*, 613 F.3d 374, 379-80 (3d Cir. 2010). However, "[t]here is no general constitutional right to discovery in a criminal case, and *Brady* did not create one." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). Indeed, "there are significant limitations to what actions the [G]overnment must take." *United States v. Hoffman*, Crim. No. 01-169, 2021 WL 2451610, at *7 (E.D. Pa. June 15, 2021). It is a defendant's burden to demonstrate disclosure of these materials would be helpful to his defense. *See Gatlin*, 613 F.3d at 380; *see also United States v. Brown,* 3 F.3d 673, 679 (3d Cir. 1993). "[A]bsent a defendant's showing that *Brady* material has not been disclosed, 'the prosecutor's decision on disclosure is final. [A] Defen[dant] . . . has no constitutional right to conduct his own search of the [Government]'s files to argue relevance." *Hoffman*, 2021 WL 2451610, at *7 (quoting *Pennsylvania v. Ritchie,* 480 U.S. 39, 59 (1987)).

Furthermore, a "defendant seeking an *in camera* inspection to determine whether files contain *Brady* material must at least make a plausible showing that the inspection will reveal material evidence." *Riley v. Taylor*, 277 F.3d 261, 301 (3d Cir. 2001) (quoting *Ritchie,* 480 U.S. at 58 n.15) (internal quotations omitted). "Mere speculation is not enough." *Id.* (citing *United States v. Navarro*, 737 F.2d 625, 631 (7th Cir. 1984)).

Specifically at issue here are the reliability sheets and the informant's biographical information contained within the informant's file, which Defendant suggests might contain

6

relevant material on the basis that opposing parties often disagree about the importance of information. In its letter, the Government states:

> [T]he remaining materials [in the informant's file] are simply immaterial to this case: They each relate to assistance provided by the [informant] to law enforcement after [Defendant] was arrested in this matter in June 2021, in matters having **nothing whatsoever** to do with [Defendant's] case. They are therefore not Rule 16 material. They offer nothing exculpatory, and so are not *Brady* material. And given this Court's guidance . . . that the Court needs evidence only on a limited issue that pertains to Detective Petrucci and not Detective Rodriguez, they are neither Jencks Act nor *Giglio* material at this stage, since the documents were written by Detective Rodriguez, not Detective Petrucci.

Government's May 23, 2025 Letter at 2-3.

In a footnote, the Government continues:

> Nor will these remaining materials constitute Jencks Act material at trial, when the Government expects Detective Rodriguez to testify. To avoid Confrontation Clause issues, the Government does not anticipate introducing any information provided by the [informant] during trial unless [Defendant] himself opens that door. For that reason, Detective Rodriguez's writings about the [informant] assisting in unrelated matters after [Defendant's] arrest in this case could not "relate[] to the subject matter as to which" Detective Rodriguez is expected to testify. 18 U.S.C. § 3500(b). Neither will these remaining materials constitute Detective Rodriguez's *Giglio* material at trial. For the reasons explained in the Government's opposition to [Defendant's] motion to suppress, [Defendant's] protestations regarding law enforcement's characterization of the [informant] amount to a red herring.

*Id.* at 3 n.1.

Defendant has not provided the Court with an adequate basis to conclude his disagreement with the Government as to the importance of the other materials in the informant's file is grounded in anything other than speculation. A "defendant may not obtain discovery simply by asserting that the desired materials contain exculpatory evidence." *United States v. Stiso*, 708 F. App'x 749, 756 (3d Cir. 2017) (citing *United States v. Ramos*, 27 F.3d 65, 71 (3d Cir. 1994)). While Defendant correctly states that he is "entitled to vigorously cross-examine the witnesses against him,

7

including on the veracity of the officers and the statements they made in *this case*,"[5] Defendant has not shown how the requested materials are statements made in *this case*. The Government has turned over the reliability sheet submitted by Detective Rodriguez concerning the informant's tip in this matter; thus, the Court concludes that Defendant has received what he is entitled to receive and has failed to show how unrelated sheets could even connect to this case. For that reason, the Court need not conduct an *in camera* inspection of the requested materials.

In addition, in light of the Government's representation that it does not anticipate introducing any information provided by the informant during Detective Rodriguez's direct examination, the Court will deny Defendant's request for production under Jencks, as information concerning the informant's reliability will not relate to the subject matter of Detective Rodriguez's direct examination. *See* 18 U.S.C. § 3500(b). However, should the scope of Detective Rodriguez's testimony change, Defendant may refile his motion. *See United States v. Edwards*, Crim. No. 20-572, 2024 WL 1620311, at *8 (D.N.J. Apr. 15, 2024).

## III.    CONCLUSION

"Unless a defendant is able to raise at least a colorable claim that the desired information contained evidence favorable to him . . . no constitutional error or violation of due process will have been established." *Stiso*, 708 F. App'x at 756. Defendant having failed to do so, the Court will decline to order production of the rest of the materials in the informant's file or order an *in camera* inspection on the basis they contain *Brady* or *Giglio* material. Accordingly,

---

[5] Defendant's May 23, 2025 Letter at 2 (emphasis added).

**IT IS**, on this **28th** day of August, 2025, for the reasons set forth above, **ORDERED** that the Government is not required to produce the remaining materials in the informant's file.

_____
Evelyn Padin, U.S.D.J.